UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **MARY LYNN BANKS** | * | **CIVIL ACTION NO. 18-0749** |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **WAL-MART INC., ET AL** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, is a motion to remand [doc. # 11] filed by plaintiff, Mary Lynn Banks. Defendants oppose the motion. For reasons stated below, It is recommended that the motion is **GRANTED**.

## Background

Plaintiff filed the instant personal injury suit on May 11, 2018, in the 4th Judicial District Court for the Parish of Ouachita, State of Louisiana, seeking damages arising out of a slip-and-fall which allegedly occurred on or about May 21, 2017, at the Wal-Mart store located at 1025 Glenwood Drive, West Monroe, Louisiana. According to the petition, Plaintiff was greeted by defendant Parker, and upon entering the Store, slipped on liquid and fell to the floor. She alleged injuries to her right hip, right knee, hamstring, back, and other parts of her body.

The named defendants are Wal-Mart Inc. ("Wal-Mart"), the alleged owner of the Store, and Elizabeth Parker, an alleged employee of Wal-Mart. *Id*.

On June 5, 2018, defendant Wal-Mart removed the suit to federal court on the sole basis of diversity jurisdiction, 28 U.S.C. § 1332. *See* Notice of Removal, doc. # 1. On July 5, 2018, plaintiff filed the instant motion to remand the case to state court on the grounds that (1) Wal-

Mart cannot prove improper joinder of a non-diverse defendant; and (2) there is no complete diversity, and thus, this Court lacks subject matter jurisdiction. [doc. # 11]   On July 11, 2018, she filed an amended motion to remand [doc. # 16].

On July 17, 2018, defendants, Wal-Mart and Parker, filed their opposition to plaintiffs' motion [doc. # 18], arguing that Parker was improperly joined because Plaintiff has no possibility of recovery against her.  Plaintiff replied on July 23, 2018.  [doc. # 19].  Thus, the matter is ripe.

**Discussion**

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)).  The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal.  *Id*.  Because federal courts are courts of limited jurisdiction, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes to the contrary.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted).  The removal statutes are strictly construed in favor of remand.  *Manguno, supra*.

Defendant Wal-Mart invoked this court's subject matter jurisdiction via diversity, which requires an amount in controversy greater than $75,000, and complete diversity of citizenship between plaintiffs and defendants, 28 U.S.C. § 1332(a).  Plaintiff does not dispute that the amount in controversy exceeded $75,000 at the time of removal.  *See generally* Motion to Amend, doc. # 11; Amended Motion to Remand, doc. # 16.  The undersigned agrees that it is facially apparent that the claimed damages exceed $75,000.  *See* Notice of Removal, doc. #1, p.

9, ¶ 23.  Thus, the sole jurisdictional issue is whether the parties are completely diverse.

The diversity jurisdiction statute presupposes a civil action between "citizens of different states," where all plaintiffs are diverse from all defendants.  28 U.S.C. § 1332; *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990).  When jurisdiction depends on citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'"  *Getty Oil, supra* (citation omitted) (emphasis in citing source); *see also*, *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference).  This rule requires "strict adherence."  *Getty Oil, supra*.

Here, Wal-Mart correctly alleged and established that Plaintiff is an individual domiciled in and a citizen of Louisiana.  *See* Notice of Removal, doc. # 1, p. 2, ¶ 4.  Wal-Mart also affirmatively (and properly) alleged the ownership of Wal-Mart Louisiana, LLC,  that Wal-Mart Louisiana, LLC is the proper defendant and owner of the Store, and that it is a Delaware corporation with its principal place of business in Arkansas. . *Id.* at pp. 2-3, ¶¶ 5 and 6.  Finally, Wal-Mart alleged that while Parker is a citizen of Louisiana, the Court should disregard Parker's citizenship because she has been improperly joined.  *Id.* at p. 3, ¶ 7 Opposition, doc. # 18, p. 2.

**I.      Improper Joinder.**

It has been long established that an improperly joined or nominal defendant need not be diverse from the plaintiffs for purposes of subject matter or removal jurisdiction.  *See Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 871 (5th Cir. 1991); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir.2007) (citing *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005)).  However, the improper joinder

doctrine affords a "'narrow exception' to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a 'heavy one.'" *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir.2007) (citing *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005)). To establish improper joinder, the removing party must demonstrate "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *McDonal, supra* (citing *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003)).

In the case *sub judice*, there are no allegations of actual fraud. Accordingly, the court must determine whether Wal-Mart has demonstrated that Plaintiff has "no possibility of recovery" against Parker, *i.e.* that there is "no reasonable basis" for the district court to predict that Plaintiff might recover against her. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004) (*en banc*). The court may resolve this issue in one of two ways: 1) the court can look at the allegations of the complaint to determine whether the complaint states a claim against the non-diverse defendant under state law (Fed. R. Civ. P. 12(b)(6) analysis);[1] or 2) in the few cases where the plaintiffs have stated a claim, but have misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood, supra*. However, the "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.*[2] In the process, the court must consider "all

---

[1] To survive a 12(b)(6) motion to dismiss, the "[f]actual allegations [in the plaintiff's petition] must be enough to raise a right to relief above the speculative level," which means that the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

[2] In other words, facts that can be easily disproved if not true. *Id.*

unchallenged factual allegations" in the light most favorable to the plaintiff. *Travis*, *supra*. Any contested issues of fact and ambiguities of state law must be resolved in favor of remand. *Id.* If the removing defendant fails to establish improper joinder, then diversity is not complete and remand is required. *Id.*

## II. Employee Liability

Louisiana law provides that in limited circumstances an employee may be held individually liable for injuries to third persons. *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994) (citing, *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973)). The liability may be imposed on such individuals even if the duty breached arises solely from the employment relationship. *Ford*, 32 F.2d at 936. Liability may be imposed on an employee under the following conditions:

1. The principal or employer owes a duty of care to the third person . . . breach of which has caused the damage for which recovery is sought.

2. The duty is delegated by the principal or employer to the defendant.

3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances-whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.

4. With regard to the personal (as contrasted with the technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or malperformance and has nevertheless failed to cure the risk of harm.

*Ford v. Elsbury*, 32 F.3d 931, 936 (5th Cir. 1994) (citing, *Canter*, 283 So.2d at 721).

It is manifest that, "[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. R.S. 9:2800.6(A). Moreover, the owner or custodian of immovable property has a duty to keep such property in a reasonably safe condition. *Hutchison v. Knights of Columbus, Council No. 5747,* 847 So.2d 665 (La. App. 4th Cir. 5/7/2003), *affirmed*, 866 So.2d 228 (La. 2004). "The owner or custodian is required to discover any unreasonably dangerous conditions on the premises and correct the condition or warn potential victims of its existence." *Id*. An employee can be held individually liable by a third person for breach of a duty that arises out of the employment or agency relationship between the employee and her employer. *Canter*, 283 So.2d at 722-723.

During the relevant period, the non-diverse defendant in this case, Parker, was employed as a greeter at the Store where plaintiff was injured. Plaintiff alleges *inter alia* that Parker (and Wal-Mart) negligently:

    A. Le[ft] the floor slippery and/or wet where patrons would be walking;

    B. Fail[ed] to keep the floor safe and/or dry in order to prevent patrons from falling;

    C. Fail[ed] to warn patrons of liquid and/or slippery and/or wet floor;

    D. Creat[ed] an unreasonably dangerous condition;

    E. Fail[ed] to properly inspect the floor for the presence of unreasonably dangerous conditions; and/or

    F. Fail[ed] to exercise reasonable care.

Petition, doc. # 1-3, p. 2, ¶ 14. Plaintiff further alleges that Parker (and Wal-Mart) either created

or knew of the dangerously slippery floor at the time of Plaintiff's accident. *Id.* at ¶¶ 10 & 11.

Under the *Canter* criteria, Parker's liability turns on whether she was "aware or should have been aware of a risk of harm and nevertheless failed to respond to the risk in the manner in which a reasonably prudent [store greeter] would respond in the same or similar circumstances." *Ford*, 32 F.3d at 936.

## Evidence & Analysis

In an affidavit attached to the notice of removal, Parker averred that she "had not seen and was not aware of any water or other potentially dangerous or hazardous condition which existed on the floor" prior to Plaintiff's accident. Parker Affidavit, doc. # 1-1, p. 2, ¶ 5. Parker represented that her "responsibilities do not include mopping liquids or spills, or putting out caution cones or wet floor signs." *Id.* at p. 1, ¶ 4. Parker further stated that, while "[a]ll Walmart employees are directed to patrol and inspect and look out for hazards," her "duties as a people greeter include greeting customers, checking receipts and handling merchandise returns." *Id.* at pp. 1-2, ¶¶ 4-5.

In her declaration [doc. # 16-4] attached to the amended motion to remand, Banks averred that "[i]t had been raining the day of the Accident." Banks Declaration, doc. # 16-4, p. 2, ¶ 10. Banks further averred that, following her fall, she overheard the Store assistant manager addressing a group of employees including Parker and stated "'Why did y'all remove the wet-floor signs?' and 'Y'all knew it was wet!" *Id.* at p. 2, ¶ 11. Banks also asserted that she was previously employed as a Wal-Mart supervisor from 2001 to 2012 and, in her experience, store greeters were charged with ensuring with monitoring the floors for liquids and hazards and placing wet-floor signs when needed. *Id.* at ¶¶ 13 & 14. Finally, Banks averred that the job description for a store greeter provides that they:

7

>are required to perform the following *essential functions*: (a) "Maintain[] area of responsibility in accordance with Company policies and procedures by . . . ensuring a safe work environment"; (b) "Monitor[] activities and store standards within the store that relate to safety, and basic customer traffic flow by maintaining safety standards to ensure a safe and clean environment; and responding to assistance requests from customers and associates."

*Id*. at pp. 2-3, ¶ 18.

No evidence before the Court suggests that Parker personally placed liquid on the floor where Plaintiff slipped and fell. However, Plaintiff's declaration that she overheard the Store's assistant manager ask a group of employees including Parker why they removed the wet-floor sign is some evidence, albeit slight, that Parker participated in increasing the risk of harm to customers such as Plaintiff. Further, there is at least disputed evidence that Parker knew or should have known of the liquid on the floor. There is also evidence that many employees at the Store shared the Store's overall duty to keep its premises free of any hazardous conditions which might injure its customers and that Parker was stationed closest to the location of the hazard. Accordingly, Wal-Mart has not precluded the reasonable possibility that Plaintiff may recover against Parker under state law. *See*, *Ford, supra*.

The undersigned cautions that this is not a motion for summary judgment where after defendants make an initial showing, the burden of proof shifts to plaintiff to set forth competent summary judgment evidence in support of each element of her claim against the non-diverse defendant. Rather, in the context of a motion to remand, removing defendants have the onerous burden of proving no reasonable possibility of recovery by plaintiff against the non-diverse defendant.

The undersigned neither purports to express an opinion on the merits of the claims asserted against Parker, nor suggests that a Louisiana court will find that as a matter of law, and

8

fact, that she is liable. The undersigned only repeats the oft-cited principle that where the removing party grounds its allegations of improper joinder upon a theory that plaintiff cannot recover from a non-diverse defendant as a matter of law, this court is obliged to resolve all disputed questions of fact in favor of plaintiff; and then determine whether there could possibly be a valid cause of action set forth under state law. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981). Doing so here, the court is compelled to find that removing defendants have failed to preclude the reasonable possibility that Parker is subject to liability under state law.

In sum, Parker's continued presence in this suit negates complete diversity between the parties as required to support subject matter jurisdiction. 28 U.S.C. § 1332. Remand is required. 28 U.S.C. § 1447.

For the foregoing reasons,

It is recommended that the motion to remand [doc. # 11], as amended [doc. # 16], filed by plaintiff Mary Lynn Banks be **GRANTED**, and that the case be **REMANDED** to the Fourth Judicial District Court for the Parish of Ouachita.

In Chambers, at Monroe, Louisiana, this 6th$^{th}$ day of August 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE